Filed 8/4/21  P. v. Yancey CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTOINETTE YANCEY,<br><br>    Defendant and Appellant. | G059309<br><br>(Super. Ct. No. 94CF0821)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

## INTRODUCTION

In 1996, a jury convicted Antoinette Yancey of conspiracy to commit first degree murder, first degree murder, and accessory after the fact. In 2019, Yancey filed a petition for resentencing pursuant to Penal Code section 1170.95 (further code references are to the Penal Code). The trial court appointed counsel for Yancey, the parties submitted briefing and, after a hearing, the trial court denied the petition.

Yancey appealed from the order denying her section 1170.95 petition. She argues she made a prima facie showing of entitlement to relief, the trial court erred by denying her petition based on matters found in the record of conviction, and the record of conviction does not eliminate the potential that she is entitled to resentencing.

After this matter was submitted, the California Supreme Court issued its opinion in *People v. Lewis* (July 26, 2021, S260598) __ Cal.5th __ [2021 Cal. Lexis 5258] (*Lewis*). In *Lewis*, the Supreme Court stated: "[W]e conclude that the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition [citation] and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'" (*Id.* at p. __ [2021 Cal. Lexis 5258 at *2-*3].)

In this case, the trial court did not err by considering the record of conviction because counsel had been appointed for Yancey and counsel had been given the opportunity to file briefing. The record of conviction demonstrates that Yancey did not make a prima facie claim for relief under section 1170.95 as a matter of law because she was not convicted of felony murder or murder under a natural and probable consequences theory, and the jury found she had committed the murder to prevent the victim from testifying and while lying in wait. Accordingly, we affirm.

## FACTS

The underlying facts are set forth in a prior unpublished opinion, *People v. Yancey* (Nov. 23, 1999, G021109). We provide the following summary.

In 1991, William Clark and Nokkuwa Ervin robbed a COMP USA store and murdered the mother of an employee. Clark was prosecuted for the COMP USA robbery and murder. (*People v. Yancey, supra*, G021109.)

Ardell Williams was a friend of Clark and knew of his involvement in the COMP USA robbery and murder. Williams contacted a federal agent, revealed all she knew about the COM USA case, and warned the agent that she feared Clark would murder her if he knew of her duplicity. The agent promptly called Orange County authorities. An investigator for the Orange County District Attorney's office recorded two separate conversations with Williams and turned the tapes over to Clark's defense team. (*People v. Yancey, supra*, G021109.)

The investigator had Williams place a recording device on the telephone that she shared with her sister. "Clark telephoned Williams' sister four times, discussing the possibility that Williams was talking to the police and warning her that it was best for Williams to 'get complete amnesia.'" (*People v. Yancey, supra*, G021109.)

From this point we quote verbatim from *People v. Yancey, supra*, G021109:

"Between June 1993 and March 1994, Yancey was Clark's girlfriend. She visited him in jail every weekend, and he telephoned her every day. During the spring of 1994, their conversations included discussions regarding Williams' betrayal and how damaging her testimony was. Soon thereafter, Yancey appeared on Williams' front step, impersonating a flower bearer. Williams' family got suspicious, and they called [the district attorney's investigator]. All of Williams' family identified Yancey from separate photographic lineups as the fake deliverer.

"Next came a series of phone calls to Williams' mother from a woman identifying herself as Janet Jackson, asking for her prayers for her daughter who was

3

allegedly injured in a car crash. The last such phone call included a job opportunity in which Yancey, posing as Janet, invited Williams to apply for a design position with a tile manufacturer. The interview was set for early on a Sunday morning. Williams agreed. Her departure for the interview was the last time her family ever saw her.

"Williams' body was found in the parking lot of the business at which she was to meet the interviewer. She died as a result of a gunshot wound to the back of the head. Next to her body were the remnants of a job application form, partially filled out by her." (*People v. Yancey, supra*, G021109.)

## PROCEDURAL HISTORY

In 1996, Yancey was convicted of conspiracy to commit first degree murder (§ 182, subd. (1)(a)), first degree murder (§ 187, subd. (a)), and being an accessory after the fact (§ 32). She was found to have committed the murder to prevent the victim from testifying and while lying in wait. (§ 190.2, subd. (a)(10) & (15)). She was sentenced to life without possibility of parole for the murder conviction, and the sentences for conspiracy to commit murder and accessory after the fact were stayed. In *People v. Yancey, supra*, G021109, a panel of this court affirmed the judgment.

In January 2019, Yancey filed a petition for resentencing pursuant to section 1170.95 and asked for appointment of counsel. On the petition, she checked the boxes to indicate "[a] complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine" and "[a]t trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine."

On February 20, 2019, the trial court read and considered the petition and appointed counsel for Yancey. On February 28, the district attorney's office filed a response which included a copy of *People v. Yancey, supra*, G021109. On April 30,

4

Yancey filed a reply and exhibits in support. Yancey filed a supplemental reply on July 25. Both sides submitted supplemental briefs addressing whether Senate Bill No. 1437 (Stats. 2018, ch. 1015, §§ 2-4) (Senate Bill No. 1437), which enacted section 1170.95, is constitutional. On December 26, 2019 and again on February 4, 2020, the trial court deferred ruling on Yancey's petition until the California Supreme Court determined whether Senate Bill No. 1437 was constitutional.

A hearing on Yancey's petition was conducted on August 7, 2020. Yancey's counsel submitted on the papers filed. The trial court considered the third amended information, the jury instructions, the verdict forms, and "every fil[ed] document that was submitted as well as all the paperwork."

The trial court denied Yancey's petition. The court noted that in order to make a true finding on the lying in wait circumstance, the jury would had to have found that Yancey had the intent to kill the victim and either she was lying in wait or she was a co-conspirator. The court concluded: "Both of those knowledge and intent requirements make it clear to this court that [Yancey] was an active participant in the murder of the victim in this case . . . . And that she was a primary person who was active in this murder in every way based on these findings and the totality of documents that the court has just stated it has reviewed."

**PROCEDURES UNDER SECTION 1170.95**

The California Supreme Court recently provided the following explanation of Senate Bill No. 1437 and summary of procedures for seeking relief under section 1170.95:

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the

5

underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief. [Citation.]

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95, subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition . . . .' (§ 1170.95, subd. (b)(2).)

"Where the petition complies with subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).) 'The prosecutor and the

6

petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (§ 1170.95, subd. (d)(3).) At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*Lewis, supra*, __ Cal.5th at pp. __ [2021 Cal. Lexis 5258 at *6-*8].)

## DISCUSSION

### I. The Trial Court Did Not Err by Considering Matters Found in the Record of Conviction

Yancey argues her petition was facially sufficient and, therefore, the trial court erred by denying her petition based on matters found in the record of conviction. *Lewis* resolves this argument against Yancey. In *Lewis*, the California Supreme Court concluded that after appointment of counsel, the trial court may rely on the record of conviction to determine whether the petitioner has made a prima facie case for relief under section 1170.95. (*Lewis, supra*, __ Cal.5th at pp. __ [2021 Cal. Lexis 5258 at *2-*3, *29].) "In sum, the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c) [of section 1170.95]." (*Id.* at p. __ [2021 Cal. Lexis 5258 at *32].)

Here, the trial court appointed counsel for Yancey soon after the petition was filed and before making any determination of its sufficiency or merit, and directed the prosecutor to file a response. The parties submitted briefing. All was in compliance with *Lewis*.

### II. Yancey Was Not Entitled to Relief Under Section 1170.95 as a Matter of Law

Yancey argues the trial court erred by denying her petition because the record of conviction does not eliminate the potential that she is eligible for resentencing.

7

She argues specifically that the evidence did not establish that she was the actual killer and the special circumstances findings do not automatically preclude relief.

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, __ Cal.5th at p. __ [2021 Cal. Lexis 5258 at *30].) "'[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Id*. at p. __ [2021 Cal. Lexis 5258 at *31], quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 979.)

The record of conviction in this matter contains facts refuting Yancey's allegations made in the petition. Only "[a] person convicted of felony murder or murder under a natural and probable consequences theory" may file a petition for relief under section 1170.95. (§ 1170.95, subd. (a).) Although Yancey alleged in her petition that she had been convicted of first or second degree murder under the felony-murder rule or pursuant to a natural and probable consequences theory, the record of conviction refutes that allegation as a matter of law.

The record of conviction includes jury instructions, which may be used to ascertain whether a defendant was convicted under the felony murder rule or a natural and probable consequences theory. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 673-674, review granted Feb. 24, 2021, S266336 [appropriate to consult jury instructions]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055-1056, review granted Sept. 23, 2020, S263939 ["the jury instructions in this case demonstrate, on their face and as a matter of law, that Soto was not and could not have been convicted of second degree murder under the natural and probable consequences doctrine"].) Here, the jury was not instructed on felony murder or a natural and probable consequences theory. Yancey was charged by information with conspiracy to commit murder, murder "with malice aforethought," and accessory after the fact. The jury was instructed on conspiracy

8

liability, aider and abettor liability, and liability as an accessory after the fact liability. The jury was also instructed on the special circumstances of murder of a witness to a crime and murder while lying in wait.

Our opinion in Yancey's prior appeal confirms that Yancey was convicted of the murder of Williams "as a coconspirator in her murder, an aider and abettor of her murder, and as an accessory after the fact of her murder." (*People v. Yancey, supra*, G021109; see *Lewis, supra*, __ Cal.5th at p. __ [2021 Cal. Lexis 5258 at *31] [appellate opinions "are generally considered to be part of the record of conviction"].)

As Yancey was not convicted of felony murder or murder under a natural and probable consequences theory, she did not make a prima facie claim for relief under section 1170.95 as a matter of law. (§ 1170.95(a).)

Further, to be entitled to relief under section 1170.95, a petitioner must show that he or she "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95(a)(3).) Senate Bill No. 1437 amended section 188, subdivision (a)(3) to provide, in relevant part: "[I]n order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

Yancey did not make a prima facie claim for relief under section 1170.95 because the record of conviction established she acted with malice aforethought and her conviction was not based on imputed malice. She was convicted of conspiracy to commit murder: Conspiracy is a specific intent crime, and conspiracy to commit murder requires that a conspirator personally have the specific intent to kill. (*People v. Swain* (1996) 12 Cal.4th 593, 607 ["conspiracy to commit murder requires a finding of intent to kill"].) Thus, Yancey's conviction for conspiracy to commit first degree murder established that she acted with actual malice. (See *People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, review granted Mar. 18, 2020, S260493 [court did not err by denying section 1170.95

9

petition because defendant had been convicted of conspiracy to commit murder, a specific intent crime], disapproved on another ground in *Lewis, supra*, __ Cal.5th at p. __ [2021 Cal. Lexis 5258 at *10-*11].)

In addition, by finding true the special circumstance allegation for lying in wait, the jury necessarily found that Yancey had acted with actual malice. "Our Supreme Court has explained, in a lying-in-wait special circumstance case, '"Lying in wait is the functional equivalent of proof of premeditation, deliberation, and intent to kill."'" (*People v. Robbins* (2018) 19 Cal.App.5th 660, 670, quoting *People v. Sandoval* (2015) 62 Cal.4th 394, 416.) Likewise, by finding true the special circumstance allegation of murder of a witness to a crime, the jury necessarily found that Yancey had acted with intent to kill. (*People v. Dominick* (1986) 182 Cal.App.3d 1174, 1208.)

Yancey argues, "[s]ection 1170.95 does not state that a true finding on a special circumstance allegation automatically precludes relief." While that technically is correct, the effect of section 1170.95 is to preclude relief when a true finding has been made on a lying in wait or murder of witness special circumstance allegation because such a finding establishes actual malice as a matter of law.

Yancey argues there was no evidence that she was the actual killer. Whether she was the actual killer is of no moment. Even if Yancey were not the actual killer, the record of conviction established that she could be convicted of first or second degree murder, notwithstanding the changes to sections 188 and 189, because she acted with malice aforethought.

## DISPOSITION

The order denying the petition under section 1170.95 is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.